UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-08611-SB-MAR | Date: | 11/9/2021 |
|---|---|---|---|

| Title: | WRPV XIV Olive LA, LLC v. Hyunsung Yang |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER TO SHOW CAUSE RE: JURISDICTION

Plaintiff filed the complaint in this limited unlawful detainer case in Los Angeles County Superior Court on June 11, 2021. Defendant filed an answer on June 21, 2021. Defendant then filed a notice of removal to federal court on November 1, 2021. Dkt. No. 1. There appears to be no subject matter jurisdiction, and removal appears untimely.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A case must be remanded to state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Here, there seems to be no federal question jurisdiction because the complaint alleges only state law claims and contains no claim arising under federal law. See *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action

shows that it is based upon [federal law].'") (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  Defendant argues that "Plaintiff violated Defendant's rights as defined by 15 U.S.C. § 1601 *et seq.* of the Truth in Lending Act ("TILA")." Dkt. No. 1. ¶ 6.  This is immaterial because "[a]llegations in a removal notice . . . cannot provide this [C]ourt with federal question jurisdiction." *NGA Inv., LLC v. Beronilla*, No. 5:14–cv–02457 HRL, 2014 WL 3421919, at *2 (N.D. Cal. July 14, 2014) (remanding unlawful detainer action for lack of subject matter jurisdiction).  Nor may a case be removed to federal court on the basis of a federal defense. *Caterpillar*, 482 U.S. at 393.

  Removal also appears untimely.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).  Here, the complaint was filed on June 11, 2021.  There is no proof of service of summons attached to the notice, nor does the notice state when Defendant was served with the complaint.  The notice does state that Defendant filed its answer on June 21, 2021, which means that Defendant received the complaint not later than June 21, 2021, triggering the 30-day period for removal.  But Defendant did not file its notice until November 1, 2021—over three months later.

  The Court therefore orders both Plaintiff and Defendant to show cause why: (1) the Court has jurisdiction over this case, (2) the notice was timely filed, and (3) this case should not be remanded to state court.[1]  The parties are ordered to show cause in writing by no later than **November 16, 2021**.

**IT IS SO ORDERED**.

---

[1] An untimely removal notice is considered "procedurally defective." *Rascon v. Benchmark Elecs., Inc.*, 843 F. App'x 968, 969 (9th Cir. 2021).  "District courts may not remand *sua sponte* for procedural defects." *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).  If the Court were to remand the case here, it would not be doing so sua sponte without providing the parties an opportunity to be heard.